UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 23-7936 _____    _____ Caption [use short title] _____

Motion for: Dismissal of Appeal as Moot and

Vacatur of Decision Below

_____

Set forth below precise, complete statement of relief sought:

Appellant respectfully requests the Court to dismiss

its appeal as moot, vacate the decision below, and          Refineria di Korsou, N.V. v. Petroleos de Venezuela, S.A.

remand with an instruction to dismiss the action

with prejudice.

_____

_____

MOVING PARTY: Petroleos de Venezuela, S.A.          OPPOSING PARTY: Refineria di Korsou, N.V.

☐ Plaintiff          ☑ Defendant

☑ Appellant/Petitioner          ☐ Appellee/Respondent

MOVING ATTORNEY: Claire A. DeLelle          OPPOSING ATTORNEY: Jeffrey S. Boxer

[name of attorney, with firm, address, phone number and e-mail]

White & Case LLP          Carter Ledyard & Milburn LLP

701 13th St NW Washington, DC 20005          28 Liberty St, 41st Floor, New York, New York 10005

(202) 626-3600 claire.delelle@whitecase.com          (212) 732-3200 - boxer@clm.com

Court- Judge/ Agency appealed from: No. 23-cv-4974 (S.D.N.Y.), Hon. Alvin K. Hellerstein

Please check appropriate boxes:                                          FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
                                                                         INJUNCTIONS PENDING APPEAL:

Has movant notified opposing counsel (required by Local Rule 27.1):       Has this request for relief been made below?        ☐ Yes ☐ No
☑ Yes ☐ No (explain):                                                     Has this relief been previously sought in this court? ☐ Yes ☐ No
Opposing counsel consents to dismissal and does not take a position on vacatur.  Requested return date and explanation of emergency: _____

Opposing counsel's position on motion:                                    _____
☑ Unopposed ☐ Opposed ☐ Don't Know                                      _____
Does opposing counsel intend to file a response:                         _____
☐ Yes ☑ No ☐ Don't Know                                                 _____

Is oral argument on motion requested?    ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☐ Yes ☑ No  If yes, enter date: _____

Signature of Moving Attorney:

Claire A. DeLelle _____ Date: 10/23/2024      Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

_____

Form T-1080 (rev.12-13)

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

REFINERIA DI KORSOU N.V.,

*Plaintiff-Appellee,*

*v.*

PETROLEOS DE VENEZUELA S.A.,

*Defendant-Appellant.*

Case No. 23-7936

## PETRÓLEOS DE VENEZUELA S.A.'S MOTION TO DISMISS APPEAL AS MOOT AND VACATE THE DECISION ON APPEAL

Defendant-Appellant Petróleos de Venezuela, S.A. ("PDVSA"), through undersigned counsel, respectfully moves this Court, pursuant to Rules 27 and 42(b)(2) of the Federal Rules of Appellate Procedure and Local Rule 27.1, to dismiss this appeal as moot and vacate the decision on appeal — the District Court's Order and Opinion denying PDVSA's motion to vacate the Default Judgment under Rule 60(b) of the Federal Rules of Civil Procedure. *See* SPA-1 (the "Rule 60(b) Order"). Pursuant to Local Rule 27.1(b), counsel for PDVSA has conferred with counsel for Plaintiff-Appellee Refineria di Korsou N.V. ("Appellee") who has confirmed that Appellee consents to dismissal of the appeal and takes no position on vacating the

decision below. Appellee's counsel further confirmed that Appellee does not intend to file a response to this Motion.

## **INTRODUCTION**

This appeal concerns Appellee's attempt to enforce a New York State Court Default Judgment against PDVSA, an "agency or instrumentality" of a foreign state as defined in the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1603(b). As briefing was ongoing in this appeal, Appellee indicated that it would no longer seek to enforce its Default Judgment against PDVSA and subsequently filed in New York State Court a full satisfaction of that judgment. PDVSA takes no position on the underlying developments that resulted in Appellee's purported satisfaction and expressly reserves all rights, immunities, privileges, defenses, and arguments including under the FSIA.

Because Appellee no longer has a legal interest in the outcome of this case, there is no live controversy between the parties, and the appeal is now moot. When a case becomes moot pending appeal, U.S. courts routinely vacate the decision below and remand with an instruction to dismiss the action. In this context, vacatur is necessary because it prevents future adverse legal consequences stemming from a judgment which becomes moot and no longer is subject to conclusive appellate review. This Court should apply this established practice here and dismiss PDVSA's

2

appeal, vacate the decision below, and remand with an instruction to dismiss the action with prejudice.

## **BACKGROUND**

### A. **The Underlying New York State Court Action and S.D.N.Y. Removal Proceeding**

In August 2020, Appellee commenced an action against PDVSA in New York State Court alleging a breach of contract claim arising from Appellee's purported relationship with PDVSA's wholly-owned subsidiary concerning an oil refinery in Curaçao. A-21–23. PDVSA did not appear in that proceeding and disputes that service was properly effected under the FSIA. In August 2022, the New York State Court entered a Default Judgment against PDVSA in the amount of US$ 62,339,755.58. A-279–80.

In June 2023, PDVSA removed the New York State Court action to the U.S. District Court for the Southern District of New York. A-6–11. On that same day, PDVSA moved pursuant to Federal Rule of Civil Procedure 60(b) to vacate the Default Judgment and dismiss Appellee's action with prejudice for (1) improper service of process under the FSIA; (2) lack of subject-matter jurisdiction under the FSIA; (3) lack of personal jurisdiction under the FSIA and lack of sufficient minimum contacts; and (4) excusable neglect. *See generally* PDVSA's Mot. to Vacate, ECF No. 4; Opening Br., Argument Section.

3

In November 2023, District Judge Alvin K. Hellerstein issued the Rule 60(b) Order denying PDVSA's motion to vacate the Default Judgment and dismiss the action with prejudice. SPA-1. PDVSA timely appealed the District Court's Order on November 30, 2023. A-534.

**B.     The Instant Proceedings**

On March 14, 2024, PDVSA filed its Opening Brief in the instant appeal. *See* Dkt. No. 19. On June 13, 2024, Appellee filed its Answering Brief. *See* Dkt. No. 24.

Shortly thereafter, on June 21, 2024, Appellee's counsel represented to undersigned counsel for PDVSA that its Default Judgment had been satisfied, and that Appellee was open to considering procedural options to ending the present appeal, vacating the Default Judgment, and dismissing the action with prejudice.

In view of Appellee's representation that the Default Judgment was satisfied and to preserve this Court's and the parties' respective resources, on June 24, 2024, PDVSA moved for an extension of time to file its reply, if any, to afford the parties the necessary time to vacate the Default Judgment and dismiss the action below with prejudice. *See* Dkt. No. 25. Counsel for Appellee indicated that he required additional time to confer with his client regarding this issue, and thus PDVSA filed another motion on August 26, 2024 requesting an extension of time to file its reply, if any. *See* Dkt. No. 29. Both extensions were granted. *See* Dkt. Nos. 26, 30.

4

On September 23, 2024, Appellee filed in the New York Supreme Court a full satisfaction of the US$ 62,339,755.58 judgment against PDVSA. *See Refineria di Korsou N.V. v. Petróleos de Venezuela, S.A.*, No. 654058/2020 (N.Y. Sup. Ct. Sept. 23, 2024), Dkt. No. 61.

## **ARGUMENT**

## I. **THIS APPEAL IS MOOT AND SHOULD BE DISMISSED**

Appellee's apparent receipt and notification of full satisfaction of the Default Judgment terminates Appellee's legal interest in this action, thereby mooting this case. "To meet the case-or-controversy requirement of the U.S. Constitution, 'a party must, at each stage of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision.'" *Billie v. Coverall N. Am., Inc.*, 2024 U.S. App. LEXIS 25023, at *3 (2d Cir. Oct. 3, 2024) (quoting *Janakievski v. Exec. Dir., Rochester Psych. Ctr.*, 955 F.3d 314, 319 (2d Cir. 2020)). "A case becomes moot — and therefore no longer a 'Case' or 'Controversy' for purposes of Article III [of the Constitution] — 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Mangouras v. Boggs*, 980 F.3d 88, 96 (2d Cir. 2020) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)) (cleaned up); *see also Billie*, 2024 U.S. App. LEXIS 25023 at *3-7 (petition to enforce arbitration award was mooted upon satisfaction of that award).

Here, Appellee plainly "lacks a legally cognizable interest in the outcome" of

the case. *Mangouras*, 980 F.3d at 96 (internal quotation marks and citation omitted).

Appellee has filed a full satisfaction of the Default Judgment issued on its purported

contract claims and has indicated that it will not further participate in this appeal, as

discussed *supra*. Consequently, there is no live dispute between the Parties, and the

case must be dismissed. *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of

Watervliet*, 260 F.3d 114, 118-19 (2d Cir. 2001) (explaining that "[w]henever

mootness occurs, the court . . . loses jurisdiction over the suit, which therefore must

be dismissed"); *see also Ruesch v. Comm'r of Internal Revenue*, 25 F.4th 67, 70

(2d Cir. 2022) ("Typically, no live controversy remains where a party has obtained

all the relief [it] could receive on the claim through further litigation.").

## II.   THE DECISION BELOW SHOULD BE VACATED TO AVOID HARM TO PDVSA

Now that Appellee has filed its satisfaction and the case is moot, the Rule

60(b) Order will not be tested through complete appellate briefing and oral

argument. Because mootness arises from Appellee's unilateral action, PDVSA

should not be prejudiced in the future by the defects in the District Court's legal

reasoning. The Rule 60(b) Order should be vacated.

"'When a civil case becomes moot pending appellate adjudication, the

established practice in the federal system is to reverse or vacate the judgment below

and remand with a direction to dismiss.'" *Hassoun v. Searls*, 976 F.3d 121, 125 (2d

Cir. 2020) (quoting *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 71 (1997))

(cleaned up). "Federal courts follow this practice 'to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences.'" *Id.* (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950)) (cleaned up); *see also Russman*, 260 F.3d at 121 (explaining that, "[i]n the ordinary run of cases" which become moot pending appeal "courts have been liberal in granting vacatur").

This Court should follow this "established practice" here and vacate the Rule 60(b) Order.

*First*, mootness arose through Appellee's unilateral action in filing a satisfaction of the Default Judgment. *See Hassoun*, 976 F.3d at 130-31 (explaining that *Munsingwear* vacatur is "generally appropriate where mootness arises through . . . the unilateral action of the party prevailing below"). PDVSA was not involved with and takes no position on the circumstances leading to Appellee's satisfaction and mooting of this case; nor has PDVSA "deliberately mooted the appeal." *Kerkhof v. MCI Worldcom Inc.*, 282 F.3d 44, 53 (1st Cir. 2002).

*Second*, vacatur is appropriate "'to avoid giving preclusive effect to a judgment never reviewed by an appellate court.'" *Hassoun*, 976 F.3d at 130 (quoting *N.Y.C. Emps.' Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1435 (2d Cir. 1992)). As discussed in its Opening Brief, PDVSA vigorously opposes the District Court's holdings in the Rule 60(b) Order. These holdings pertain to serious legal issues under the FSIA, including service of process, subject-matter jurisdiction, personal

jurisdiction, and the entry of default judgments against foreign sovereigns embroiled in historic political and economic crises. *See generally* PDVSA's Opening Br., Argument Section. The decision below risks potentially adverse consequences for PDVSA in circumstances where PDVSA no longer has the benefit of complete appellate briefing, oral argument, or an adjudication on the merits as a result of Appellee's actions that render this appeal moot. Because PDVSA's request for this Court's "review of the merits" of the Rule 60(b) Order was "frustrated by the vagaries of circumstance," PDVSA "ought not in fairness be forced to acquiesce in the judgment." *Russman*, 260 F.3d at 121.

## CONCLUSION

For the reasons set forth above, PDVSA respectfully requests that this Court dismiss the appeal, vacate the Rule 60(b) Order, and remand with an instruction to dismiss the case with prejudice.

Dated: October 23, 2024                    Respectfully submitted,

_s/ Claire A. DeLelle_
Claire A. DeLelle
Nicole Erb
Blair E. Trahan
White & Case LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 626-3600
claire.delelle@whitecase.com
nerb@whitecase.com
blair.trahan@whitecase.com

*Counsel for Appellant Petróleos de Venezuela S.A.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned hereby certifies that this motion complies with the type-volume limitation.

1.     This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A), because this motion contains 1,618 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

2.     This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface in 14-point Times New Roman font.

October 23, 2024

s/ *Claire A. DeLelle*
Claire A. DeLelle